`FILED`

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

99 MAY 18 PM 3: 31

U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**

MAY 18 1999

| | |
|---|---|
| REBECCA L. ROMEO and JEFFREY K. ROMEO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    CV-98-AR-1256-E ) |
| INTERNATIONAL SPEEDWAY CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |

### MEMORANDUM OPINION

Presently before the court is plaintiffs' motion, filed on May 14, 1999, which seeks two things: 1) leave to request entry upon defendants' land, and 2) leave to submit the name of an expert witness beyond the deadline established by this court's scheduling order of August 7, 1998.  For the reasons set out herein, the court determines that the motion is due to be denied.

1. Request for Entry Upon Defendants' Land

Plaintiffs aver that deposition testimony, taken on April 27, 1999, revealed that several witnesses, including plaintiffs, were shown photographs and that they could not, on the basis of those photographs, identify the exact location where the incident giving rise to this action occurred.  Plaintiffs argue that they need to enter defendants' premises to "inspect, identify, and photograph" the location "for purposes of obtaining an accurate

depiction."

The court notes that plaintiffs offer no explanation of why they were unaware of their own ignorance about the location where the incident giving rise to this action occurred.  The excerpts from deposition transcripts submitted by plaintiffs only demonstrate that the precise location of the incident is unclear to the parties.  If plaintiffs were not aware of this fact long before April 27, 1999, which was more than 8 months after the entry of this court's scheduling order but only three days prior to the discovery deadline established by that order, they were inexcusably asleep.  If plaintiffs knew, as they should have known, that proof so central to their complaint was lacking, why did they fail to seek appropriate discovery sooner, as the scheduling order clearly contemplated?

Absent some serious justification for their failure to seek discovery of obviously-relevant information in a timely fashion, despite ample opportunity to do so, this court refuses to re-open discovery.  To do so would only reward plaintiffs for their own shortsightedness.  Accordingly, plaintiffs' motion, insofar as it seeks leave to request entry upon defendants' land, is due to be denied.

## 2.   Request for Leave to Submit Name of Expert Witness

After written interrogatories were served and answered, defendants supplemented their responses on May 3, 1999, which was

after the discovery deadline.  Plaintiffs contend that those

supplementary responses raise certain issues about which they

should be allowed to take additional discovery and submit expert

testimony.  In substance, plaintiffs' motion points to a list of

work assignments, dated May 23-24, 1996, which contains the

statement "ROLAND NEEDS TO POISON THE GRASS ALONG THE NEW ASPHALT

IN THE NORTH GRANDSTAND."  Although not stated explicitly in

their motion, the court deduces that plaintiffs wish to argue

that the existence or non-existence of grass "along the new

asphalt in the north grandstand" may have played a role in

causing or exacerbating the incident giving rise to this action.

Plaintiffs request leave to "submit an expert witness to testify

as to the effect of grass along the new asphalt in the north

grandstand."

     The court agrees with defendants that plaintiffs fail to

show how "grass along the new asphalt" is relevant to their

claims.  The work assignments referenced by plaintiffs were made

after inspection of the premises weeks after Mrs. Romeo's fall.

Even if, at the time of the inspection, grass were found at the

location of the fall, it would not be dispositive as to whether

grass existed there when the incident occurred.  Furthermore, it

appears that the location of the fall is unclear, so it is by no

means clear that the work assignment refers to grass at the

location of the fall.  More importantly, even if plaintiffs could

produce an expert to testify about the "effect of grass along the

new asphalt," that testimony would not bear upon any danger or risk which plaintiffs encountered, because both of them have testified in their depositions that there was <u>no grass</u> along the asphalt where the fall took place. *See Depo. of Rebecca Romeo, Exh. B to Def.'s Opposition*, at 59-60 (The grass "did not meet up, did not run flush to" the asphalt); *Depo. of Jeffrey Romeo, Exh. C to Def.'s Opposition*, at 48-49 (stating that "there was no grass; it was just rocks" abutting the pavement). Even plaintiffs' complaint avers that the incident occurred while plaintiffs were still <u>on</u> the ramp, not while walking along beside it where grass may or may not have been growing. The complaint alleges that the fall resulted from the steepness of the ramp's slope and "loose stone, asphalt, or debris on its surface." If plaintiffs had wished to maintain that the "debris" included "grass" from "along the new asphalt," the burden was theirs to make such an allegation, which they did not.

For the foregoing reasons, plaintiffs' motion, insofar as it seeks leave to submit an expert about the effect of grass along the new asphalt, is due to be denied.

A separate and appropriate order will be entered.

DONE this ___18___ day of May, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE