```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ALABAMA
                          EASTERN DIVISION

REBECCA L. ROMEO,              )
                               )
     Plaintiff,                )
                               )
v.                             )         CV-98-AR-1256-E
                               )
INTERNATIONAL SPEEDWAY         )
CORPORATION,                   )
                               )
     Defendant.                )
```

FILED 99 JUN 23 PM 3:16 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED JUN 23 1999

## MEMORANDUM OPINION

Currently before the court is a motion to reconsider, filed June 16, 1999 by defendant International Speedway Corporation ("Speedway"). On June 10, 1999, this court partially granted Speedway's motion for summary judgment, dismissing all claims by plaintiffs Jeffrey K. Romeo and Rebecca L. Romeo ("Mrs. Romeo"), with the exception of Mrs. Romeo's negligence claim. Speedway now urges that the negligence claim should have been dismissed as well, and it asks the court to reconsider that issue. For the reasons set forth as follows, the court determines that the motion is due to be denied.

Speedway misses the court's point regarding the possibility of additional or alternative measures which Speedway might have taken to prevent Mrs. Romeo's accident. It is true that Mrs. Romeo nowhere claims, for instance, that the absence of handrails caused her to fall. Instead, the pertinent question related to

30

alleged negligence is whether Speedway's actual measures – periodic inspections and cleanings of the exit ramps - were reasonable under the circumstances, or whether an objective reasonableness standard requires more. Examples of "more" might have included handrails or less-inclined slopes. These are only examples. It would be practically impossible, of course, to argue that the <u>absence</u> of specific measures like cautionary signs <u>caused</u> an injurious fall, but the court finds that it could reasonably be argued that cautionary signs, for instance, might have prevented such a fall. Nevertheless, a jury need not determine whether Speedway was negligent for failing to take certain suggested measures like sign-posting, ramp leveling, or handrail erecting; <u>a jury must only determine whether reasonable prudence required more than the measures actually taken</u>.

   The court finds that Speedway is simply mistaken when it argues that "there is *no evidence*, much less substantial evidence, that the defendant knew use of the exit ramps by spectators caused damage to the ramp or caused debris to accumulate on the ramp." *Motion to Reconsider*, at 4 (emphasis in original). To the contrary, Mike McWilliams' affidavit testimony supports a reasonable inference, at the least, that there routinely existed a need to clear debris from the exit ramps at the Speedway's Talladega facility. Speedway employees were "specifically assigned the task of picking up or otherwise

cleaning any debris from these ramps" *McWilliams aff.*, at para. 2. McWilliams admits that inspections were carried out for the very purpose of cleaning debris: "Inspections of all pedestrian ramps... are made by me and my staff <u>to ensure that the ramps are clean of debris</u>." *Id.* (emphasis added). This certainly constitutes some evidence that Speedway was aware that debris could and did accumulate on the exit ramps.

Speedway protests the court's statement, in its June 10, 1999 order, that "Speedway was apparently aware that the trampling of thousands of visitors usually resulted in some amount of debris upon the ramps after racing events." *Motion to Reconsider,* at 2. To clarify, the court did not make any factual findings to the effect that debris usually accumulated on the exits ramps, or that if it did, Speedway had knowledge thereof. Instead, the court found that Speedway's routine practice of inspecting ramps for the purpose of cleaning debris and making repairs, as attested by McWilliams, created an <u>appearance</u> – that is, a reasonable inference – that Speedway was <u>aware</u> that debris could and sometimes did accumulate upon the exit ramps. A reasonable jury could infer knowledge of a potential hazard from the fact that Speedway assigned the specific task of inspecting and cleaning the ramps "before and after their use... as a regular part of the assigned duties." *McWilliams aff.,* at para. 4. Whether the inspection and cleaning routine constituted

reasonable precautions is precisely the material question which remains in dispute on Mrs. Romeo's negligence claim.

For the foregoing reasons, the court is persuaded that its previous order of June 10, 1999, which, *inter alia,* denied summary judgment regarding Mrs. Romeo's negligence claim, was corrected decided.  Accordingly, Speedway's motion for reconsideration is due to be denied.  A separate and appropriate order will be entered.

If defendant wants a certification pursuant to 28 U.S.C. § 1292(b) and requests it by 4:30 p.m. on June 28, 1999, the court will grant it.

DONE this 23rd day of June, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE